MISSISSIPPI & TENNESSEE RAILROAD CO. v. M. E. GRAYSON.

**Common Carriers — Railroads — Suits for Personal Injuries — Platforms — Failure to Stop Trains at Usual Place — Injury to Passengers.**

> Plaintiff showed that defendant's train ran past the proper stopping place, and that when she attempted to board the train, she was thrown off and injured by reason of the alleged improper starting of the train. In such case it is error to instruct the jury that defendant is liable for failure to provide a platform at a crossing from which passengers should board the train.[1]

**Same.**

> It is not the duty of the conductor to assist passengers in boarding defendant's train.

**Same.**

> In such case the question was, whether plaintiff had a reasonable opportunity of boarding the train.

Mrs. M. E. Grayson sued the Mississippi & Tennessee Railroad Company for injuries alleged to have been inflicted upon her by the improper starting and handling of the defendant's train.

From a judgment in plaintiff's favor, defendant appealed to the Supreme Court.

On the 2d of July, 1882, the appellee being on a visit at the house of her brother-in-law, three and one-half miles from Tallahatchie Crossing, a flag station on appellant's road, and desiring to go to her home at Pope Station, on said road, walked to the crossing in company with John Powers and T. J. Hendrix, and her daughter, three years old, to take passage on the night train. The

---

1

One who by signals causes a passenger train to stop at night at a point not a stopping place, and while endeavoring to enter, though with reasonable caution, is injured by the sudden starting of the train, cannot recover for the injury if his purpose to take passage was unknown to the conductor and other trainmen. Under such circumstances, when injured, he had not acquired the rights of a passenger. Railroad Co. v. Robbins, 68 Miss. 643, 10 So. 60; Railroad Co. v. McAfee, 71 Miss. 70, 14 So. 260; Railroad Co. v. Harris, 71 Miss. 74, 14 So. 263; Railroad Co. v. Latham, 72 Miss. 32, 16 So. 757.

The fact that he succeeded in entering the car, and that the conductor, finding him there, collected fare from him as from other passengers, could not give color to past occurrences which had resulted in his injury. Railroad Co. v. Robinson, 68 Miss. 643, 10 So. 60.

night being dark a fire was built near the road, and when the train was heard coming and when 900 feet from the crossing, Hendrix waved a firebrand, the engine whistled to stop, but ran by the crossing, M. E. Grayson says fifty steps, Powers thirty steps, Hendrix forty feet, the engineer fifty or sixty feet.    When the engine whistled the firebrand was thrown down.    Mrs. Grayson, Powers, and Hendrix agree in their statement that they walked along the railroad toward the train, Powers carrying the child, Hendrix a bundle, passed the sleeping car on the east side, and came to the rear of the next coach.    Mrs. Grayson stated that she put her right hand on the railing of the platform of that car, and one foot on the first step when the train moved, and pulled off from her, throwing her back, and left her on the side of the road.    That Powers was standing close to her with the child in his arms when the train moved off, and Hendrix some steps from her.    That she walked back to M. P. Grayson's with Powers and Hendrix that night.

The following instructions for the plaintiff in the court below are assigned as error by appellant Railroad Company:

(1.) A Railway Company is bound to provide proper means for the convenience of passengers in getting off and on their trains; and they are bound to stop their trains sufficiently long for passengers to board their trains; and if the train pass the usual place for boarding trains, it is their duty to back to said place; and the failure of the company to stop at the proper place may be considered; and when there is no platform it is the duty of the conductor to afford necessary assistance to a passenger to get on the train; and if, without such assistance, and without a reasonable excuse for failing to afford such assistance, the defendant, in attempting to board the train without any fault of her own is injured, the company is liable.

(3.) The court instructs the jury that the law requires the railroad company to provide means of getting on and off their trains at every station, and if they believe from the evidence that no such provision was made at Tallahatchie Crossing, and that the absence of said means contributed to the injury to the plaintiff in this cause, they may take this into consideration in making up their verdict.

(7.) The court instructs the jury that railroad companies are held to the strictest responsibility for care, vigilance, and skill on the part of themselves and all persons employed by them.    That

it is their duty to provide convenient means for persons to get on and off their trains; to stop their trains at all stations when required sufficiently long to allow persons to get off and on the train with safety; and if the jury believe from the evidence that the defendant stopped its train at an unusual place at the station, and not a reasonable time to allow the plaintiff to get on, but moved the same off at such a rate of speed that plaintiff was injured in her attempt to board the train, then the jury shall find for the plaintiff such damages as she has sustained; and if the jury further believe that such injury was caused by wantonness, rudeness, or caprice, then the jury should award plaintiff exemplary damages by way of punishment to the defendant.

(8.) A railway company is bound to provide proper means for the convenience of passengers in getting off and on their trains; and they are bound to stop their trains sufficiently long for passengers to board their trains; and if the train pass the usual place of boarding trains, it is their duty to back to said place, and the failure of the company to stop at the proper place may be considered in determining whether or not there was negligence; and when there is no platform, it is the duty of the conductor to afford necessary assistance to a passenger to get on the train, and if, without such assistance, and without reasonable excuse for failure to afford such assistance, the defendant in attempting to board the train without any fault of her own is injured, the company is liable.

APPEALED from Circuit Court, Panola county, Second District, A. T. ROANE, Judge.

Reversed and remanded, February 2, 1885.

*Attorneys for appellant, T. W. White and J. B. Boothe.*

*Attorney for appellee, S. C. Cook.*

Brief of White & Boothe:

\* \* \* On a fair analysis of the testimony, it is evident that the verdict of the jury was manifestly wrong and ought to be set aside. The verdict was against the weight and preponderance of evidence, and the damages awarded were excessive.

The court erred in giving the first instruction asked for the plaintiff. This instruction assumes that the plaintiff was without fault, and that defendant's conductor failed to afford assistance without a reasonable excuse.    *    *    *

The third instruction given for plaintiff is erroneous, because its indefinite language was calculated to mislead the jury.    *    *    *

The seventh instruction given for plaintiff is manifestly and grossly erroneous. It instructed the jury that if they, from the evidence, reached a certain hypothesis they " *should* award plaintiff exemplary damages by way of punishment to the defendant."

The awarding of exemplary damages is always discretionary with the jury, and an instruction which informs them that under any state of facts it is their *duty* to award them is improper. New Orleans R. Co. *v.* Burke, 50 Miss. 201.

This was not a case for the allowance of such damages under any event. There was no oppression, insult, willful wrong, or any other element of conduct on the part of defendant's employees authorizing the infliction of exemplary damages. Southern R. *v.* Kendrick, 40 Miss. 374; New Orleans R. *v.* Statham, 42 Miss 607; Memphis R. *v.* Whitfield, 44 Miss. 466; M. & C. R. *v.* Green, 52 Miss. 779; Chicago, etc., R. *v.* Scurr, 59 Miss. 456.

The eighth, ninth, and tenth instructions for plaintiff are erroneous for the reasons already shown, and for the further reason they assume a state of facts not sustained by the proof.    *    *    *

In addition to the objections already urged, the first, third, seventh, and eighth instructions given for the plaintiff are erroneous and well calculated to mislead the jury in this, they inform the jury that it is the duty of railroad companies " to provide proper means for the convenience of passengers in getting off and on their trains," from which instructions the jury doubtless inferred that proper means had not been provided in this case; when, as a matter of fact, suitable steps affording access to every coach were all that the law requires. The jury doubtless believed from the continued emphasis of this feature, by embodying it in four different instructions, that something else was necessary besides convenient steps, and that it was the duty of the company to have a platform erected at the crossing, and perhaps other conveniences. The proof shows that there was no depot at the crossing, but the dirt road crossed the railroad at this point, and the defendant's train merely stopped there for the public as a matter of favor to them

and not as a matter of right, and it follows of course that persons desiring to get on and off there, and knowing the condition of things, must take all the consequences resulting from any inconvenience they are subjected to at such way-station.

Brief of S. C. Cook:

If we correctly interpret the decisions of this court, the law as announced in many cases wherein railroad companies have been sued for injuries to passengers is summarized and condensed in the following language: Where the proof shows anything that will warrant an imputation of willfulness, recklessness, or rudeness, it is the duty of the court to instruct the jury that they may inflict upon the railroad exemplary or punitive damages. Chicago R. Co. v. Scurr, 59 Miss. 463.

So that the only question to be determined by this court is, does the proof warrant such an imputation, or, is there any evidence which would justify the court in instructing the jury upon such damages? If there is a conflict of evidence, the plaintiff was clearly entitled to such instruction. This was settled in the Scurr case. The proof develops that " Tallahatchie Crossing" was a flag station, to which the company sold tickets; that it was a place where the defendant's trains stopped whenever signaled, to take on passengers; that there was no provision made by the company for getting off and on their trains, and this, too, when the station was in the river bottom several miles from the habitation of man. Upon this point I direct the attention of the court to the following authorities: M. & C. R. Co. v. Whitney, 44 Miss. 391; Cooley on Torts, 605, 606, and 642; Addison on Torts, § 245.

I call your especial attention to the testimony of Conductor Bellenger, for it is " the milk in the cocoanut." Bellenger says, when cross-examined: " When the engineer signaled for the crossing I was in the baggage car and immediately started to the rear of the train. I passed through one coach and to the middle of the next and pulled the bell rope, giving the engineer the signal to go ahead. I did not look out, or attempt to look out to ascertain who was waiting to board the train."

Will this court hold that it was not culpable negligence on Bellenger's part to give the engineer the signal to pull out, without ever attempting to ascertain who had signaled at a regular

flag station, and this, too, when the night was dark and stormy and the station located in a river bottom?    *    *    *

The only charge seriously objected to is the charge wherein the court made the finding of exemplary damages mandatory when the jury were satisfied of the existence of certain facts.    In answer to this objection we invite this court to an examination of all the charges given both for the defendant and the plaintiff below.    If the law was correctly expounded in all the charges, the judgment will not be reversed because one instruction taken by itself is too broad.    Mask's Case, 36 Miss. 77; Evans' Case, 44 Miss. 762.

This is the rule of law often announced by this court in cases involving life or death and we know no exception in favor of railroads.    One erroneous charge may be cured by another charge which expounds the correct principle.    Dickson *v.* Moody, 2 S. & M. 17.

It is evident that the jury was not misled by this charge, and they knew this was left entirely to their discretion.    *    *    *

OPINION.—CAMPBELL, C. J., delivered the opinion of the court:

The first, third, seventh, and eighth instructions for the plaintiff should not have been given.    The existence or nonexistence of a platform at the crossing where the train was usually stopped had nothing to do with the dispute in this case, which is whether the plaintiff was afforded a reasonable opportunity to "board" the train.

Her complaint is that the train ran past the proper place, stopped, thereby inviting her to get on it, and when she attempted it the train was improperly started, whereby she was thrown off and injured.    What good would a platform at the crossing have done?

We condemn the instructions as inapplicable and misleading in this respect, but do not wish to be understood as sanctioning the announcement contained in some of them that a platform at this crossing was necessary, or that it is a conductor's duty to assist passengers on the train.

For these errors, forbearing to express an opinion on other questionable features of the case, we reverse the judgment and remand the cause for a new trial.